United States District Court
Southern District of Texas
**ENTERED**
November 24, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARQUIMEDES MACEDA JIMENEZ, | § § § | CIVIL ACTION NO 4:25-cv-05026 |
| Petitioner, | § § § | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| RAYMOND THOMPSON, *et al*, | § § § | |
| Respondents. | § | |

**OPINION AND ORDER**

Petitioner Arquimedes Maceda Jimenez is a citizen of Mexico who has lived in the United States without lawful permission for twenty-five years. Dkt 1 at ¶¶2, 22. He was taken into custody by Immigration and Customs Enforcement in September 2025, where he currently remains. Id at ¶4. Respondents are sued in their official capacity as officers or employees of the United States and are collectively referred to as *the Government*.

Pending is a petition for a writ of *habeas corpus*, by which Petitioner challenges his detention without a bond hearing. Dkt 1. He asserts that he's entitled to such a hearing under 8 USC §1226(a), which provides for discretionary detention during removal proceedings.

Pending also is a motion by the Government for summary judgment. Dkt 5. It contends that no detention hearing is required because Petitioner is an "applicant for admission" under 8 USC §1225(b)(2)(A), which provides for mandatory detention during removal proceedings.

This action thus presents the same issue of textual interpretation recently addressed and resolved by the

undersigned in *Montoya Cabanas v Bondi*, 2025 WL 3171331, (SD Tex). That ruling and its analysis is adopted here in its entirety.

In short, the text of §1225(b)(2)(A) supports the Government's position. As such, with respect to statutory reliance by the Government upon §1225(b)(2)(A), the motion for summary judgment by the Government will be granted, and the petition for a writ of *habeas corpus* will be denied. Dkts 1 & 5.

The related claim by Petitioner for violation of his right to due process in the main repeats similar argument as to the relevant and applicable statute to apply. See Dkts 1 at ¶¶60–62. That has been resolved above. But he further contends that detention is unjustified in light of the twin goals of immigration detention, being the prevention of flight and the mitigation of danger to the community. See Dkts 1 at ¶59 & 7 at 15, citing *Zadvydas v Davis*, 533 US 678, 690 (2001). Said differently, he appears to contend that continued detention without a bond hearing would itself violate substantive due process.

The Supreme Court states, "It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Demore v Kim*, 538 US 510, 523 (2003), quoting *Reno v Flores*, 507 US 292, 306 (1993). But it further observes, "In the exercise of its broad power over naturalization and immigration, Congress regularly makes rules that would be unacceptable if applied to citizens." *Demore*, 538 US at 521, quoting *Mathews v Diaz*, 426 US 67, 79–80 (1976). It's thus the "longstanding view" of the Supreme Court that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Demore*, 538 US at 526.

Petitioner provides no persuasive argument or decision to suggest that §1225(b)(2)(A), as applied to him, violates his due process rights. He does cite *Zadvydas v Davis* for its proposition stating, "Freedom from imprisonment— from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the

Due Process] Clause protects." 533 US at 690. But the Supreme Court in *Zadvydas* explicitly distinguished *post*-removal-period detention (which has no obvious termination point, thus requiring a constitutional constraint on unbounded detention) from "detention pending a determination of removability." Id at 697; see also *Demore*, 538 US at 523 (recognizing such distinction in *Zadvydas*). *Zadvydas* thus doesn't suggest that detention during removal proceedings *itself* violates due process. Instead, as the Supreme Court in *Demore* later stated, "Detention during removal proceedings is a constitutionally permissible part of that process." 538 US at 531. And in any event, no detention approaching the six-month presumption in *Zadvydas* is yet at issue here.

As such, as to the claim with respect to violation of substantive due process, the motion for summary judgment by the Government will be granted, and the petition for a writ of *habeas corpus* will be denied. Dkts 1 & 5.

\* \* \*

In so concluding, respectful acknowledgement is given to the five other district court judges in the Houston Division who have also recently reached the statutory issue presented in this case. Each has determined under similar circumstances in favor of §1226 over §1225. For example, see *Ortega-Aguirre v Noem*, 4:25-cv-04332 (SD Tex, Oct 10, 2025) (Bennett, J); *Hernandez Lucero v Noem*, 4:25-cv-03981 (SD Tex, Oct 23, 2025) (Ellison, J); *Aslamov v Bradford*, 4:25-cv-04299 (SD Tex, Oct 30, 2025) (Hanks, J); *Mejia Juarez v Bondi*, 4:25-cv-03937 (SD Tex, Oct 27, 2025) (Hoyt, J); *Buenrostro-Mendez v Bondi*, 2025 WL 2886346, (SD Tex) (Rosenthal, J). Another five judges in this Division haven't reached decision, but four have it currently pending before them. For example, see *Romero Moreno v Tate*, 4:25-cv-04903 (SD Tex) (Hanen, J); *Espinoza Andres v Noem*, 4:25-cv-05128 (SD Tex) (Hittner, J); *Reyes-Lopez v Noem*, 4:25-cv-04629 (SD Tex) (Lake, J); *Martinez-Sarres v Warden*, 4:25-cv-05273 (SD Tex) (Werlein, J).

It's also noted that at least two cases from the Southern District of Texas are currently pending before the Fifth Circuit on this issue. See *Buenrostro-Mendez v Bondi*, 25-20496 (cited above, per Rosenthal, J); *Covarrubias v Vergara*, 25-40701 (per Kazen, J, SD Tex, Laredo Division). Three are also pending from the Western District of Louisiana. See *Kostak v Trump*, 25-30620; *Ventura Martinez v Trump*, 25-30621; and *Lopez-Santos v Noem*, 25-30656. And a motion is pending in at least one of these actions to consolidate certain aspects for expedited consideration. See *Buenrostro-Mendez v Bondi*, 25-20496, Dkt 10.

If decision from the Fifth Circuit enters that is contrary to the ruling here and in *Montoya Cabanas v Bondi*, 2025 WL 3171331, (SD Tex), Petitioner is granted leave to file a motion for reconsideration on an expedited basis to the extent that effective relief could still be afforded on this issue.

\* \* \*

The petition for writ of *habeas corpus* by Petitioner Arquimedes Maceda Jimenez is DENIED. Dkt 1.

The motion for summary judgment by the Government is GRANTED. Dkt 5.

A final judgment will enter separately.

SO ORDERED.

Signed on November 24, 2025, at Houston, Texas.

_____
Hon Charles Eskridge
United States District Judge

4